UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELINA MALLARI,<br><br>                Plaintiff,<br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of the<br>Social Security Administration.<br><br>                Defendant. | No. C08-948-MJP-BAT<br><br>REPORT AND<br>RECOMMENDATION |

Plaintiff, Angelina Mallari, appeals the portion of the Administrative Law Judge's (ALJ) decision denying her claim for benefits from September 9, 2002 through January 20, 2006. Dkt. 13 at 2-3. Mallari contends 1) "The ALJ erred in disregarding the opinions of the treating physician, consultative examiners, and medical expert, and failing to adequately explain his decision," and 2) "The ALJ's decision is not supported by substantial evidence." *Id.* at 3, 10. Specifically, she appears to argue the ALJ erred by finding:

1) Mallari did not have complex regional pain syndrome or reflex sympathetic dystrophy.

2) Mallari's impairments did not meet the criteria of a listed impairment.

3) Mallari had the residual functional capacity (RFC) to perform light work.

As discussed below, the Court concludes the ALJ did not err in finding Mallari did not have complex regional pain syndrome or reflex sympathetic dystrophy and did not meet the criteria of

REPORT AND RECOMMENDATION - 1

a listing. However, the Court concludes the ALJ erred in finding Mallari had the RFC to perform light work. Accordingly, the Court recommends the case be REVERSED and REMANDED for an award of benefits.

## I. FACTUAL AND PROCEDURAL HISTORY

Angelina Mallari was born on January 20, 1951. Administrative Record (AR) 58. She has a high school education and worked as a "data entry clerk" and "bank specialist." AR 31. In February 2003, Mallari applied for disability benefits and supplemental security income; she alleged disability beginning on September 9, 2002. AR 35, 58. Her claim was denied on August 24, 2005. AR 221. In 2006, the Appeals Council vacated the decision and remanded the case for further evaluation. AR 231. The ALJ conducted a hearing pursuant to the remand order on April 6, 2007. AR 290. On June 26, 2007, the ALJ issued a decision finding Mallari disabled as of January 20, 2006, Mallari's 55th birthday. The ALJ applied the five-step sequential evaluation process to determine whether Mallari is disabled pursuant to 20 C.F.R. §§ 404.1520, 416.920. AR 19-33. The ALJ made the following findings:

Step one: Mallari has not engaged in substantial gainful activity since her disability onset date of September 9, 2002. AR 21.

Step two: Mallari suffers from the following severe impairments: depression, not otherwise specified, and chronic pain. AR 22.

Step three: Mallari's impairments do not meet or equal the requirements of a listed impairment. AR. 24.

Step four: Mallari is unable to perform her past relevant work (AR 41) but has the residual functional capacity to sit or stand in 90 minute increments for eight hours; lift twenty pounds occasionally and ten pounds frequently; push or pull ten pounds with her right upper extremity;

REPORT AND RECOMMENDATION - 2

and the mental capacity to perform simple repetitive activity.  AR 25.

Step Five:    Mallari turned 55 years old on January 20, 2006 and became a "person of advanced age" under C.F.R. §§ 404.1563, 416.963.  AR 31-33.  Based on this age category, there are not a significant number of jobs in the national economy which Mallari could perform; Mallari is thus disabled.  However, prior to January 20, 2006, Mallari had the residual functional capacity to perform "light work" such as a "call out operator, basket filler and information clerk."  *Id.*

The Appeals Council denied plaintiff's request for review making the ALJ's ruling the Commissioner's "final decision" under 42 U.S.C. § 405(g).  On June 24, 2008, Mallari filed a complaint in this Court seeking review of the ALJ's decision.  Dkt. 3.

## II.  STANDARD OF REVIEW

This Court may set aside the denial of disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence.  42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving all other ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court must examine the entire record, it cannot reweigh the evidence or substitute its judgment for that of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion.  *Id.*

/

## III. DISCUSSION

### A. The ALJ Did Not Err In Finding That Mallari Did Not Have Complex Regional Pain Syndrome Or Reflex Sympathetic Dystrophy And That Her Impairments Did Not Meet The Level Of A Listed Impairment

Mallari was treated by Dr. Ronald Blanton, M.D., and Dr. Robert Perry, D.O., and was examined by Dr. Jordan Firestone, M.D., Dr. Ted Bushnell, M.D., and Dr. Richard Palmer, Ph.D. Dr. John Kookier, M.D., provided medical opinions as a non-treating physician.

**Dr. Ronald Blanton, M.D.**

Dr. Blanton treated Mallari for pain in her right arm and diagnosed "complex regional pain syndrome." AR 28. Although the ALJ agreed Mallari suffered from chronic pain he did not accept the diagnosis of complex regional pain syndrome. *Id.* at 22, 28. An ALJ must give a treating physician's opinion controlling weight unless it is contradicted by substantial evidence or not well-supported. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n. 10 (9th Cir. 2007); 20 C.F.R. § 404.1527(d)(2). Where the treating physician's opinion is uncontradicted, the ALJ may reject it only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995, as amended April 9, 1996).

The ALJ found that Dr. Blanton's diagnosis was not well supported. Despite a full workup, including a negative electromyography test result, no doctor has ever determined what causes Mallari's pain; certainly there is no evidence of trauma or injury. AR 27. The ALJ found, during the "relevant period," Mallari had no swelling, skin temperature or color changes, abnormal hair growth, osteoporosis, involuntary movement, or atrophy. *Id.* The ALJ found Mallari's claim that she could not use her right arm for four to five years due to pain inconsistent with the fact that there was no evidence of muscle atrophy, diminishment of muscle tone or loss of muscle structure. *Id.*

The ALJ found Dr. Blanton did not support his diagnosis because it was contained on check-box forms without any discussion about his findings. AR 29. An ALJ need not accept the opinion of a treating doctor if it is brief, conclusory and not supported by clinical findings. *See Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Mallari contends the ALJ erred because Dr. Blanton "augmented" his check-box forms in a letter to the Department of Labor and Industries. Dkt. 13 at 4. This letter does not augment the check-box forms. It was written two years before the date Mallari alleges she became disabled. Dr. Blanton's medical records for the relevant period (2002 to 2006) make no reference to this letter. Instead they indicate Mallari's medical problems began to improve by 2002. Before 2002, Dr. Blanton opined Mallari could not work. But beginning in 2002, Dr. Blanton concluded she could work, with certain restrictions. AR 178-91. Thus, the ALJ found that even if Mallari suffered from complex regional pain syndrome, she was not disabled. AR 29.

Accordingly, the ALJ provided clear and convincing reasons to conclude Dr. Blanton's diagnosis was not supported during the period at issue, 2002 to 2006, and that Mallari's impairment did not reach the level of a listed impairment.

**Dr. Robert Perry, D.O.**

Dr. Perry diagnosed Mallari with right carpal tunnel syndrome and possible reflex sympathetic dystrophy. AR. 207. The ALJ found Dr. Perry's treatment notes indicated loss of hand grip strength but did not show objective findings or test findings to support the diagnoses or his opinions about her limitations. AR 29. The ALJ found some of Dr. Perry's conclusions -- such as Mallari could not sit, stand, walk or lift anything -- to be unsupported and contrary to the findings of other examining and treating physicians. *Id.* Accordingly, the ALJ provided clear and convincing reasons to conclude Dr. Perry's diagnosis was not supported during the period at

REPORT AND RECOMMENDATION - 5

issue, 2002 to 2006, and that Mallari's impairment did not reach the level of a listed impairment.

**Examining Doctors Jordan Firestone, M.D. and Ted Bushnell, M.D.**

Mallari contends the ALJ, for unclear reasons, "summarily" dismissed Dr. Firestone's diagnosis of reflex sympathetic dystrophy. Dkt. 13 at 7. That is not the case. The ALJ rejected the diagnosis based on the doctor's finding that Mallari could exert full 5/5 strength to resist his attempts at passive motion; that Mallari's reflexes were symmetrical bilaterally, when distracted; and that she had improved cervical range of motion. AR 29. The ALJ also found that Dr. Firestone did not observe any muscle wasting or atrophy despite Mallari's claim that her arm had not been useable for years. *Id.* Dr. Firestone also found Mallari had no functional limitations as long as she was limited to lifting and carrying no more than 10 pounds with the left hand; Dr. Firestone found Mallari's right hand not functional. AR 215.

Mallari contends the ALJ should have accepted Dr. Bushnell's diagnosis of complex regional pain syndrome because it was consistent with the other doctors' diagnosis. *Id*. at 6. However, as the ALJ notes, Dr. Bushnell did not base this diagnosis on examination findings but on "history." AR 24. In fact, Dr. Bushnell's examination of Mallari did not support the diagnosis. Rather, he reported Mallari lacked the expected skin findings for such a diagnosis and that no clear atrophy was present. *Id*. Dr. Bushnell also found Mallari had no functional limitations as long as she did not have to lift or carry more than 10 pounds.

Accordingly, the ALJ gave sufficient reasons to reject the examining doctors' diagnoses and properly found that Mallari's impairment did not meet the level of a listed impairment.

**B.  The ALJ Did Not Err In Finding Mallari's Depression Did Not Meet The Criteria Of A Listed Impairment**

Dr. Richard Palmer, a consultative psychologist, and Dr. John Kookier, M.D., a testifying medical expert, gave opinions regarding Mallari's depression. Mallari argues the ALJ erred in

REPORT AND RECOMMENDATION - 6

rejecting Dr. Richard Palmer's opinion that Mallari is disabled. Dkt. 13 at 8. In Dr. Palmer's opinion, Mallari has marked and extreme limitations regarding her memory and cognitive functioning. The ALJ noted this opinion is based on what Mallari told Dr. Palmer (AR 30) and is inconsistent with her clinical presentation and academic level, and tests showing Mallari had mildly impaired memory. The ALJ also noted Mallari had no obvious problems with attention, concentration, persistence or pace during testing. AR 25, 272.

Mallari also argues the ALJ erred by "reinterpreting" Dr. Palmer's opinion that Mallari's MMPI clinical scales show she is in a "state of extreme distress." Dkt. 13 at 8. The ALJ stated the MMPI results were "highly questionable" and concluded they were invalid. AR 25, 30. Dr. Palmer himself stated "Ms. Mallari's Validity Scale scores indicated her profile to be of very questionable validity." AR 271. The ALJ questioned Dr. Palmer's opinion about Mallari's "elevated scores on F" because Dr. Palmer "did not fully explain his reasoning for the conclusion" that the score resulted from distress. Given Dr. Palmer's own assessment of the validity of the MMPI and failure to support his conclusions about the elevated F score, the ALJ did not err in concluding the test was invalid. AR 25, 30.

Dr. Kookier testified in April 2007 at the hearing before the ALJ. AR 24, 304. Mallari argues the ALJ erred in rejecting Dr. Kookier's opinion that Mallari's depression met the criteria of a listing. The ALJ stated Mallari's assertions regarding the severity of her symptoms are "not fully credited" and that Dr. Palmer's conclusions are based on what Mallari told him. AR 25. Because Dr. Kookier stated his opinion was based on Mallari's testimony at the hearing and Dr. Palmer's evaluation, the ALJ did not accept it. AR 303.

Additionally, the ALJ found the "longitudinal record does not indicate a mental impairment of listing level severity." AR 25. The ALJ noted that while Mallari was receiving antidepressant

REPORT AND RECOMMENDATION - 7

medication, she was not and had not received any psychological or psychiatric treatment and has not been referred for mental health treatment. Indeed her treating doctors did not diagnose Mallari with depression. Accordingly, the ALJ did not err in rejecting the doctors' opinions and concluding Mallari's depression does not meet the criteria of a listing.

### C. The ALJ Erred in Finding Mallari had the Residual Functional Capacity To Perform Light Work

Mallari contends the ALJ erred in finding she had the residual functional capacity to perform light work. Mallari contends she has the capacity to perform sedentary work, not light work, and that if this Court agrees "and the ALJ's other findings are accepted with respect to education and work experience," then Rule 201.14 of the Medical-Vocational Guidelines directs a finding of disability. Dkt. 13 at 12. Light work is work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567 (b). In Mallari's case, the ALJ found:

> The claimant retains the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently. She can sit and stand/walk for eight hours each in a workday in 90 minute increments. She can push/pull with light force (about ten pounds or less) with her right upper extremity and should avoid repetitive activity with her right hand. In addition, the claimant has the mental capacity to perform simple repetitive tasks.

AR 31. This finding is not supported by substantial evidence. There is no evidence Mallari can frequently lift 10 pounds and occasionally lift 20 pounds. As the ALJ noted, in Dr. Blanton's opinion Mallari could occasionally lift 10 pounds and rarely lift 20. AR 22. Dr. Perry stated Mallari could lift 2 pounds, had loss of grip strength and could not stand, sit or walk for eight hours in a workday. AR 29. Dr. Firestone stated Mallari could lift up to 10 pounds with her left hand only and that her right was not functional. AR 29, 215.

The evidence thus shows Mallari cannot perform "light work;" there is nothing to show she

REPORT AND RECOMMENDATION - 8

can frequently lift and carry 10 pounds.  Rather, the evidence shows Mallari can perform "sedentary work" which is work that "involves lifting no more than 10 pounds at a time." 20 C.F.R. § 404.1567 (a).  Mallari was 51 years old on the alleged onset date of disability, September 9, 2002.  Accordingly, pursuant to Rule 201.14 of the Medical-Vocational Guidelines, the Court concludes Mallari was disabled as of the onset date of disability.  *See also* 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1.

## V.  CONCLUSION

The ALJ erred in finding Mallari had the residual functional capacity to perform light work.  There are no outstanding issues to resolve before a determination of disability can be made, and the ALJ would be required to find Mallari disabled based on the record herein and the conclusions that have already been made.  Accordingly, the Court recommends the case be REVERSED and REMANDED for an award of benefits.  A proposed order accompanies this Report and Recommendation.

DATED this 6th day of April, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge